**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **GLEN LAMAR BAILEY,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:07CV830-DJS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

<u>**ORDER**</u>

Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed in <u>United States v. Bailey</u>, 4:03CR394-DJS, asserts that he received ineffective assistance of counsel when his attorney failed to (1) subpoena witnesses and allow movant to testify during a suppression hearing, (2) move for a downward departure because the sentence "over-represented the charged conduct," (3) appeal the denial of the motion to dismiss evidence concerning an alleged illegal stop and search and seizure, and (4) file a motion concerning "double jeopardy" as the evidence used in the federal action allegedly was suppressed in a state court action because movant's Fourth Amendment rights were violated by an illegal search and seizure. Now before the Court is movant's motion for permission to review the government's and the court's case file for discovery materials and for a copy of the trial and sentencing transcripts.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). The rules governing proceedings under 28 U.S.C. § 2255 provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Habeas Corpus Rule 6(a). In order to show "good cause" under Rule 6(a), a petitioner must provide the Court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." Bracy, 520 U.S. at 908-09.

Movant requests all the records involved in the case and wants to review the government's and the Court's case file.[1] Movant summarily asserts that the records will support his claims by evidencing that the officers who testified during the trial perjured themselves when they described the events of the arrest. However, the only specific example of perjury movant provides concerns the officers attributing a vulgarity to the movant. No explanation was offered as to how the statement evidences an entitlement to relief. Furthermore, movant makes blanket assertions that discovery will provide evidence that movant's

---

[1] Although somewhat unclear, movant's later briefing indicates that he either is not requesting his trial counsel's case file or has abandoned the request.

counsel was ineffective, without providing specific examples or explanations. To the extent movant requests a copy of the Court file, petitioner must explicitly set out the portions of the file he needs and specific explanations as to why the documents will evidence movant's entitlement to relief. As movant has not shown "good cause" to believe that "if the facts are fully developed, [he would] be able to demonstrate that he is ... entitled to relief," Bracy, 520 U.S. at 908-09, the Court denies his request to conduct discovery. The Court will order the Clerk to mail movant a copy of the docket sheet.

Movant's motion also requests the trial and sentencing transcripts pursuant to 28 U.S.C. § 753(f).[2] "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. 753(f). Movant must specify the claim or claims in the § 2255 motion to which each requested transcript relates, and why the transcripts are necessary to decide the issues presented by that claim or claims, so the Court can determine whether transcripts should be provided pursuant to 28 U.S.C. § 753(f).

---

[2] Both transcripts have been prepared.

Movant asserts that he received ineffective assistance of counsel in that he requested that his attorney call "as witnesses the Circuit Court Judge, who handled the state proceedings finding that petitioner's Fourth Amendment rights had been violated as to the search and seizure, on the very same charges, plus petitioner requested that [his attorney], call [as] a witness the defense attorney that represented the petitioner in the state proceedings." (Movant's Mot. for Disc. [Doc. #4] at 1-2.) Movant summarily contends that, "Its [sic] a matter of public record that petitioner was not satisfied with [his counsel's] representation, not in the district court or during the appellate proceedings." (Movant's Mot. for Disc. [Doc. #4] at 1.) These arguments along with movant's blanket perjury and ineffective assistance assertions discussed above do not evidence why the transcripts are necessary to decide the issues in movant's grounds for relief.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for leave to conduct discovery and review the government's and the court's case file and for a copy of the trial and sentencing transcripts [Doc. #4] is denied.

**IT IS FURTHER ORDERED** that the Clerk shall provide movant a copy of the docket sheet in <u>United States v. Bailey</u>, 4:03CR394-DJS.

Dated this __23rd__ day of July, 2007.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE